UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARREN WILLIAM KASSUBA,

                Petitioner,               Case No. 1:07-cv-484

v.                                     Honorable Paul L. Maloney

CAROL HOWES,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.

§ 2254. Petitioner pleaded guilty in the Charlevoix County Circuit Court to one count of third-

degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520d(1)(a) (victim 13 to 15 years

of age), one count of third-degree CSC, MICH. COMP. LAWS § 750.520(d)(1)(b) (force or coercion),

and one count of delivery of a controlled substance (cocaine) less than 50 grams, MICH. COMP.

LAWS § 333.7401(2)(a)(iv). Petitioner initially was sentenced on June 24, 2005 to two prison terms

of six to fifteen years on the two counts of CSC III, and twelve months on the delivery of cocaine

count. On August 31, 2006, the court resentenced Petitioner to the identical prison terms.

In his *pro se* petition, Petitioner raises a single ground with three subparts, as follows:

I.       WHETHER PETITIONER MUST BE RE-SENTENCED WHERE (1) HIS
GUIDELINES WERE INCORRECTLY SCORED; (2) HE WAS
SENTENCED BASED UPON INCONSISTENT AND INACCURATE
INFORMATION IN, INTER ALIA, HIS PSIR[;] AND WHERE (3) HE
RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FOR HIS
ATTORNEY'S FAILURE TO, INTER ALIA, OBJECT [TO] THEIR
ERRORS.

(Pet.,16, docket #1 at 18.)  Respondent has filed an answer to the petition (docket #14) stating that

the grounds should be denied either because they are noncognizable state law claims or because they

have no merit.  Upon review and applying the AEDPA standards, I find Petitioner's ground for relief

to be without merit.  Accordingly, I recommend that the petition be denied.

## Procedural History

### A.      Trial Court Proceedings

Petitioner was initially charged in four separate cases.  Two cases alleged CSC III,

one for sexual intercourse with a fifteen-year-old girl on September 2, 2003, and one for sexual

intercourse with an adult woman on February 21, 2005, after the victim withdrew her consent.  In

the third case, Petitioner was charged with first-degree CSC.  In the fourth case, Petitioner was

charged with delivery of less than 50 grams of cocaine, but the charge also included a second

habitual offender enhancement.  In addition to the four pending cases, the prosecutor contemplated

charges for resisting and obstructing an officer and absconding on bond.  In exchange for his plea,

the prosecutor dropped the first-degree CSC charge and the second-felony offender enhancement.

The prosecutor also agreed not to pursue the resisting-and-obstructing and absconding-on-bond

offenses.

As the factual basis for the first third-degree CSC plea, Petitioner admitted that, on

September 2, 2003, he had sexual intercourse with a 15-year-old girl, knowing her age at the time.

In support of the other third-degree CSC offense, Petitioner admitted that, on February 21, 2005, he

engaged in sexual intercourse with another woman.  When the woman told him to stop, he did not.

He acknowledged using force to stay on top of her.  Finally, with respect to the delivery-of-cocaine

offense, Petitioner admitted that he had sold cocaine to an informant in exchange for $100.00.

The trial court accepted Petitioner's pleas on May 18, 2005. (Plea Tr., docket #17.) On June 24, 2005, Petitioner was sentenced to serve two terms of six to fifteen years on the CSC convictions and twelve months on the cocaine conviction. (Sentencing Transcript, (S. Tr.), 15, docket #18.)

## B.   Direct Appeal

In June 2006, Petitioner, acting through new counsel, filed a motion for re-sentencing and request for an evidentiary hearing, raising the same three-part issue presented in his habeas petition. On August 31, 2006, the circuit court heard Petitioner's motion. Petitioner challenged the scoring of Offense Variable (OV) 13, which scores 25 points for a pattern of felonious criminal activity involving three or more crimes against a person. Petitioner argued that the third crime used to impose 25 points was the first-degree criminal sexual conduct charge that was dismissed in exchange for the plea. At the resentencing hearing, new counsel reargued the position taken by original counsel at sentencing: because the conduct was neither proved nor admitted, it should not be used for scoring purposes. (Mot. for Resentencing Tr., 5-7, docket #19.) Counsel requested that the score for OV-13 be changed from 25 to 0 points. The prosecutor argued that Petitioner had made an admission to having sex with the victim but was told that she was 18 years of age. (*Id.* at 9-10.) In addition, the prosecutor argued that Petitioner's counsel at sentencing had admitted the conduct, while stating that Petitioner did not know the age of the victim and did not use force. (*Id.* at 10-11.) The court found, as it did at the original sentencing hearing, that Petitioner had admitted the conduct and that Petitioner's knowledge of the victim's age was not a defense. (*Id.* at 11.)

Petitioner also objected to the scoring under OV-3, arguing that bruising was insufficient to constitute bodily injury. (*Id.* at 12-13.) The court rejected that argument. (*Id.* at 17.)

- 3 -

However, the court accepted Petitioner's argument that substantial evidence suggested that the bruising may have occurred during intercourse with another man two hours before Petitioner was with the victim. The court therefore granted Petitioner's challenge and found that OV-3 should have been scored at zero. (*Id.* at 26.)

Petitioner next argued that he improperly was assessed five points under OV-10, which involves the exploitation of a victim's vulnerability. Because Petitioner was only three years older than the victim and not substantially larger, and because no other vulnerability was alleged, the court agreed with Petitioner and found that Petitioner had not exploited the victim's vulnerability. (*Id.* at 35-36.) A variety of other arguments were made regarding the specifics of the Presentence Information Report (PSIR). No other changes to the scoring were made, though some objections to the text were upheld.

During the course of the arguments about the PSIR, Petitioner also argued that his original defense attorney had been ineffective in failing to raise the defective scoring issues. He also argued that counsel was ineffective in failing to point out a variety of mitigating circumstances.

At the end of the hearing, because the sentence scoring had been found to be improper on two variables, the court conducted a resentencing. The changes to the scoring did not affect the applicable guideline range, and Petitioner previously had been sentenced at the bottom of that range. (*Id.* at 57-59.) Petitioner argued for a downward departure on the basis of certain mitigating evidence. The court concluded that the reasons proffered by Petitioner were not sufficiently objective, verifiable, substantial and compelling to warrant a downward departure under Michigan law. The court therefore imposed the identical sentences with appropriate credit for time served. (*Id.* at 76-79.)

The Petitioner appealed as of right to the Michigan Court of Appeals. His brief, which was filed by counsel on October 6, 1995, raised the following issue:

> [Petitioner] is entitled to be re-sentenced where (1) OV13 was incorrectly scored; (2) he was sentenced based upon inaccurate information; and where (3) he was assessed State costs and Crime victim rights fees twice for the same victims and crimes.

(See Def.-Appellant's Br. on Appeal, docket #20.) Petitioner filed a motion to remand, which was denied by the Michigan Court of Appeals on December 26, 1995. (See 12/26/95 Mich. Ct. App. Ord, docket #26.) In an order issued on November 6, 2006, the Michigan Court of Appeals denied leave to appeal. (*See* 11/6/06 Mich. Ct. App. Order (MCOA Ord.), docket #20.)

Petitioner filed a *pro per* application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same three-part claim presented in the circuit court and in his habeas petition. By order entered March 26, 2007, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed. (*See* Mich. Ord., docket #21.)

## **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved

an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision

applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

### Discussion

Petitioner raises a three-part claim concerning his sentencing. He asserts that he should be resentenced because (1) his guidelines were incorrectly scored; (2) his sentence was based on inaccurate information; and (3) he received ineffective assistance of counsel in failing to object to these errors.

Petitioner's claim that OV-13 was incorrectly scored under the Michigan Sentencing Guidelines is a state-law claim not cognizable in federal habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19,

1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United*

*States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)).  A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking.  *Doyle*, 347 F. Supp. 2d at 485.  Petitioner argues, however, that the facts found by the court on OV-13 were based on false information.  *Tucker*, 404 U.S. at 447.  Under OV-13, Petitioner was scored 25 points for the offense having been "part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MICH. COMP. LAWS § 777.43(1)(b). The instructions for the offense variable require that all crimes have occurred within a five-year period, including the sentencing offense, and must be counted without regard to whether the offense resulted in a conviction.  MICH. COMP. LAWS § 777.43(2)(a).  Petitioner argued at both his original sentencing hearing and the resentencing hearing that the dismissed first-degree CSC charge should not be counted because it was based on unadmitted, unproven conduct.  The prosecutor argued, however, that Petitioner had admitted that he had intercourse with the victim, but that he thought she was of age.  At both hearings, the circuit court found that Petitioner had admitted the conduct and that knowledge of age was not a defense.

Petitioner contends that he did not admit the conduct and that the record does not support the court's findings.  According to the record, a police report by Charlevoix Sheriff Investigator Wheat included the following summary of statements made by Petitioner:

> I told [Petitioner] that I was just out talking to witnesses and that I was here at his house to get his ([Petitioner's]) side of the incident.

[Petitioner] stated, "To tell you the truth, I don't even know the girl." We were just riding around drinking one night and she said she was 18 years. That's all I know."

I asked [Petitioner] what happened to Cammie causing all the bleeding? Was she injured or what? [Petitioner] replied,"I don't know what that was about, there was no injury."

I repeated back to [Petitioner], "So that's your side of it? You guys were just out driving around drinking, and she told you she was 18 and that's how it happened?"

[Petitioner] replied I have two witnesses that heard her say she was 18.

I asked [Petitioner] if I could write out a complete statement from him on his side of the incident. He replied, "I want to talk to an attorney," but further stated I have two people who heard her say she was 18.

[Petitioner] then stated, "My uncle talked to her mother. She has done this with other guys too. She told them she was 18."

(Ex. J to Def.-Appellant's Br. on App., docket #21.) Petitioner contends that the statements made to the police do not amount to an admission. Petitioner further argues that the victim made a recorded statement to the police, indicating that she was under the influence of drugs and alcohol, had blacked out and could not remember anything except that, when she woke up, she was bleeding and her pants and underwear were off. (Ex. L to Def.-Appellant's Br. on Appeal at 10, docket #21.) Petitioner argues that the victim also told the police that, on the night of the incident, her friends told her that nothing happened and that she had started her period. Not until the next day did friends tell the victim that she had had sex with Petitioner. Given the victim's lack of memory and the conflicting statements, Petitioner argues that the evidence does not support a finding that he committed the offense.

At resentencing, the court made the following finding with respect to Petitioner's argument:

THE COURT:  Okay.  All right, well the Court correctly stated the law at the time of the sentencing and then the matter was delved into, and the Court found that there was evidence to meet the standard by the preponderance of the evidence that the Defendant admitted conduct and accepted responsibility.  And I am still of that opinion.  In his statement to the officer, he said that he didn't know what the bleeding was all about because there was no injury, and then he emphasized that she – the girl said she was 18 and he had two witnesses to say she was 18.  Well, what does that have to do with anything besides sexual conduct?

And then at sentencing the Defendant's counsel candidly stated that Mr. – the Defendant, Mr. Kassuba, wanted the Court to know that he didn't use force and that he thought she was 18, so certainly the conduct was shown by a preponderance of the evidence and OV-13 was scored correctly.

(Mot. for Resentencing Tr., 11-12, docket #19.)

The trial court's finding was clearly supported by the evidence and does not constitute an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d).  The court's finding that Petitioner had engaged in sex with the victim was the most reasonable inference from Petitioner's own statements.  In addition, other parts of the victim's statement supported the court's conclusion.  For example, the victim stated that, when she woke up, Petitioner was the only other person in the car, his shirt was off, and he tried to clean up the blood off the back seat of his car.  (Ex. L to Def.-Appellant's Br. on Appeal at 10.)  She also stated that, while her friends first told her that she must have started her period, she did not accept it and continued to ask what happened.  The next day the friends confirmed that she had had sex with Petitioner.  (*Id.* at 11.)

Moreover, due process is implicated only when a court relies on false information, not when a petitioner argues that the record could have supported a different decision.  *Tucker*, 404 U.S. at 447 (requiring a petitioner to show that the information before the sentencing court was materially false and that the court relied on the false information in imposing the sentence).

Petitioner at no time claims that the charged sexual assault never happened. Instead, Petitioner argues only that he did not admit the conduct and that the court's sentencing findings were not sufficiently supported. Such claims clearly fall short of the sort of egregious circumstances implicating due process. The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

In the final part of his claim, Plaintiff argues that counsel was ineffective in failing to object to a variety of statements in the PSIR, failing to object to the scoring of OV-3 and OV-10, and conceding that Petitioner had admitted the sexual intercourse charged in the dismissed count of first-degree CSC.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of

professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. A claim of ineffective assistance of counsel presents a mixed question of law and fact. Accordingly, the Court must apply the "unreasonable application" prong of § 2254(d)(1). *See Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003).

Petitioner's claims of attorney error fail to demonstrate the ineffective assistance of counsel. The state court conducted a thorough hearing on all of Petitioner's claims of error at sentencing. The court carefully considered each, granting some and denying others. The court granted challenges to the scoring on two offense variables and conducted the necessary resentencing. At resentencing, Petitioner again argued some of the same factual disputes in support of a downward departure, all of which were rejected. As a consequence, counsel's alleged errors at the initial sentencing hearing had no effect on the sentence ultimately imposed at resentencing. Petitioner therefore fails to demonstrate the necessary prejudice. *Strickland*, 466 U.S. at 691.

Counsel also was not ineffective when he conceded that Petitioner admitted the sexual intercourse that formed the basis for the dismissed first-degree CSC charge. As the state court held, Petitioner's own statements clearly indicated that Petitioner's chief dispute with the charge was that the 14-year-old victim had lied about her age. Petitioner repeatedly emphasized that point to the investigating officer – a point that had no meaning unless Petitioner was referring to the sexual conduct. (*See* Mot. for Resentencing Tr., 11-12, docket #19 (observing that Petitioner's statement implied the fact of sexual conduct).) Given the state court's findings, counsel's concession was cumulative, and could not have prejudiced the sentence. Further, the state court expressly recognized that the attorney's concession was for the purpose of dissuading the court from

- 13 -

believing that Petitioner used force, a fact that affected the seriousness of the offense and, potentially, the court's determination about where in the guidelines range to sentence Petitioner. (*See* Sent. Tr., 10, docket #18; Mot. for Resentencing Tr., 12, docket #19.) That purpose clearly was strategic and was recognized by the sentencing court to be strategic. (*Id.*) Petitioner therefore fails to overcome the presumption that the action was one of trial strategy. *Strickland*, 466 U.S. at 689.

### **Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.

Date: February 25, 2010 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).